UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAWNEY BRIGGS, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| v. | **JURY DEMAND** |
| RUGSUSA, LLC, | |
| *Defendant.* | |

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## **Table of Contents**

I.      Introduction. ................................................................................................................. 1

II.     Parties. ........................................................................................................................... 3

III.    Jurisdiction and Venue. ................................................................................................. 3

IV.     Facts. .............................................................................................................................. 4

    A.      Defendant's fake sales and discounts. ............................................................... 4

    B.      Defendant's advertisements violate Washington law. ....................................... 7

    C.      Defendant's advertisements harm consumers .................................................... 8

    D.      Plaintiff was misled by Defendant's misrepresentations. .................................. 9

    E.      Defendant breached its contract. ....................................................................... 9

    F.      No adequate remedy at law. ............................................................................. 10

V.      Class Action Allegations. ............................................................................................ 10

VI.     Claims. ......................................................................................................................... 12

    Count I: Violation of the Washington Consumer Protection Act: RCW Chapter 19.86 ..... 12

    Count II: Breach of Contract ............................................................................................. 13

    Count III: Breach of Express Warranty ............................................................................. 14

    Count IV: Breach of Implied Warranty ............................................................................. 15

    Count V: Quasi-Contract/Unjust Enrichment ................................................................... 16

    Count VI: Negligent Misrepresentation ............................................................................ 16

    Count VII: Intentional Misrepresentation ......................................................................... 17

VIII.   Prayer for Relief. ......................................................................................................... 18

CLASS ACTION COMPLAINT
Case No.

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I.     Introduction.

1.     Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.     While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.     The Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

4.     So, these sales violate Washington's general prohibition on unfair or deceptive business practices.  *See* Wash. Rev. Code Ann. § 19.86.020.

5.     Defendant RugsUSA, LLC ("RugsUSA" or "Defendant") makes, sells, and markets rugs and home accessory products (the "RugsUSA Products" or "Products").  The Products are sold online through Defendant's website, www.rugsusa.com.

6.     Defendant's website prominently advertises purportedly time-limited, sitewide sales.  These advertisements include purported regular prices and purported discounts.  For example:



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



7.     In addition, Defendant advertises purported discounts off regular prices.  These advertisements include a purported discount price in red, alongside a strike-out of a purported regular price:



8.     But these advertisements are false.  Defendant always offers sitewide discounts, so it never sells any of its Products at the purported regular price.  The sales are not limited in time, but instead immediately reset and continue to be available (albeit, in certain cases, with a different name).

9.     Ms. Briggs bought a Rugs USA Black Shaggy Moroccan Lattice Fringe Rug from RugsUSA online on www.rugsusa.com.  Like RugsUSA's other customers, when Plaintiff bought the Product, RugsUSA advertised that a purported sale was going on, and that the Products were heavily discounted.  Plaintiff believed that the RugsUSA Product that she purchased usually retailed for the displayed regular price.  She further believed that she was getting a substantial discount from the regular price, and that the sale would end soon.  These reasonable beliefs are what caused her to buy from Defendant.  If she had known that the Product she purchased was not on sale, she would not have bought it.

CLASS ACTION COMPLAINT
Case No.

2

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

10.     But none of that was true.  Defendant's published regular prices were not the prevailing regular prices.  The sale Defendant advertised was not really a time-limited sale.  Had Defendant been truthful, Plaintiff and other consumers would not have purchased the Products or would have paid less for them.

11.     Plaintiff brings this case for herself and the other customers who purchased RugsUSA Products.

## II.    Parties.

12.     Plaintiff Tawney Briggs is domiciled in Seattle, Washington.

13.     The proposed class includes citizens of every state.

14.     Defendant RugsUSA, LLC is a Delaware company with its principal place of business at 286 Prospect Plains Road, Cranbury, New Jersey, 08512.

## III.    Jurisdiction and Venue.

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

16.     This Court has personal jurisdiction over Defendant.  Defendant does business in Washington.  It advertises and sells its Products in Washington, and serves a market for its Products in Washington.  Due to Defendant's actions, its Products have been marketed and sold to consumers in Washington, and harmed consumers in Washington.  Plaintiff's claims arise out of Defendant's contacts with this forum.  Due to Defendant's actions, Plaintiff purchased Defendant's Product in Washington, and was harmed in Washington.

17.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state.  Defendant advertises and sells its Products to customers in this District, serves a market for its Products in this District, and Plaintiff's claims arise out of Defendant's contacts in this forum.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred here.

**IV.    Facts.**

   **A.    Defendant's fake sales and discounts.**

   18.    Defendant makes, sells, and markets rugs and home accessory products, including but not limited to, area rugs, rug pads, and floor mats.  Defendant sells its Products directly to consumers online, through its website, www.rugsusa.com.

   19.    Defendant's website creates an illusion that customers are receiving a limited-time discount.  RugsUSA does this by advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices.  For example, Defendant advertises purportedly time-limited sales where consumers can receive "up to 75% off" on all RugsUSA Products for a limited time:



Captured May 15, 2021

   20.    But RugsUSA Products are always on sale, and these sales persist.  For example, RugsUSA has prominently displayed, for over a year, a sale on all RugsUSA Products on its website. These sales are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain because they are buying while the sale is going on.  Example screen captures showing sales at various points throughout 2021 and 2022 are shown on the following page:

CLASS ACTION COMPLAINT
Case No.

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured December 28, 2021



Captured February 8, 2022



Captured July 1, 2022

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured November 7, 2022

21.     Defendant's sales on all RugsUSA Products have persisted continuously since at least May 28, 2019.  Indeed, on 100 percent of 69 archived snapshots of Defendant's site on archive.org between May 28, 2019, and March 2, 2023, Defendant was running a purportedly time-limited discount on all RugsUSA Products of up to at least 45% every time that the website was checked.[1]

22.     In addition, Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

23.     For example, on August 13, 2022, Defendant advertised "[u]p to 75% off" for all RugsUSA Products.  On this day, Defendant offered its Jute Braided Rug, which has a purported regular price of $109:

---

[1] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



24.    But the truth is, the Jute Braided Rug's listed regular price of $109 is not its prevailing price.  Instead, it is always at a discount from the purported regular price (e.g., on August 13, 2022, it was on sale for $49; on December 21, 2022, it was on sale for $51, this time with a purported regular price of $114).

25.    By listing fake regular prices and fake discounts, Defendant misleads consumers into believing that they are getting a good deal.

**B.    Defendant's advertisements violate Washington law.**

26.    The Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

27.    Advertising such false "bargains" is false, misleading, and unfair.  Accordingly, it violates Chapter 19.86 of Washington's Consumer Protection Act, which states, for example, that "[u]nfair

CLASS ACTION COMPLAINT
Case No.

7

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. Wash. Rev. Code Ann. § 19.86.020.

28.    So not only are RugsUSA's business practices generally deceptive and fraudulent and therefore banned—in Washington, they are also specifically prohibited by statute.

**C.    Defendant's advertisements harm consumers.**

29.    Based on Defendant's advertisements, reasonable consumers would expect that the listed regular prices are former prices at which Defendant actually sells its Products, and are the prevailing prices for the Products.

30.    Reasonable consumers would also expect that, if they purchase during the sale, they will receive an item whose regular price and/or market value is the advertised regular price and that they will receive the advertised discount from the regular purchase price.

31.    In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.

32.    Consumers that are presented with discounts are substantially more likely to make the purchase. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[2]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3]

33.    Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[4]

---

[2] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
[3] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).
[4] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

CLASS ACTION COMPLAINT
Case No.
8
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

34.    Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information.

**D.    Plaintiff was misled by Defendant's misrepresentations.**

35.    On November 15, 2019, Ms. Briggs purchased a Rugs USA Black Shaggy Moroccan Lattice Fringe Rug from Defendant.  She purchased the rug from Defendant's website, www.rugsusa.com, while living in Seattle, Washington.  When she made the purchase, the website represented that the Product had a regular price and a discounted price.  The discounted price of the Rugs USA Black Shaggy Moroccan Lattice Fringe Rug was $148.85, discounted from a higher regular price.  Ms. Briggs' email confirmation represented that Ms. Briggs' discounted price was $148.85 plus tax.

36.    Ms. Briggs read and relied on the representations on the website that the Product had the published regular price and that this was its market value, and that she was receiving the advertised discount as compared to the regular price.  She would not have made the purchase if she had known that the Product was not discounted as advertised, and that she was not receiving the advertised discount.

37.    Ms. Briggs faces an imminent threat of future harm.  Ms. Briggs would purchase RugsUSA Products again if she could feel sure that Defendant would not illegally deceive her.  But without an injunction, she cannot trust that Defendant will comply with the consumer protection statutes.  Accordingly, Ms. Briggs is unable to rely on Defendant's advertising in the future, and so cannot purchase the Products she would like to.

**E.    Defendant breached its contract.**

38.    When Ms. Briggs purchased and paid for the RugsUSA Product that she bought as described above, she accepted offers that Defendant made, and thus, a contract was formed at the time that she made the purchase.  The offer was to provide a Product having a particular listed regular price and market value, and to provide that Product at the discounted price advertised on the website.

39.    Ms. Briggs and RugsUSA entered a contract.

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

40.     The regular price and market value of the Product that Ms. Briggs would receive, and the amount of the discount that she would be provided off the regular price of the item, were specific and material terms of the contract.

41.     Ms. Briggs performed her obligations under the contract by paying Defendant the discounted price.

42.     Defendant breached its contract by failing to provide Ms. Briggs with a Product with a market value equal to the regular price displayed on its website, and by failing to provide the discount promised.

**F.     No adequate remedy at law.**

43.     Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law.  A legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.  Plaintiff's remedies at law are also not equally prompt or efficient as their equitable ones.  For example, the need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.     Class Action Allegations.**

44.     Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more RugsUSA Products advertised at a discount on Defendant's website.

- <u>Washington Subclass</u>: all persons who, while in the state of Washington and within the applicable statute of limitations period, purchased one or more RugsUSA Products advertised at a discount on Defendant's website.

45.     The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

46.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

47.     Class members can be identified through Defendant's sales records and public notice.

### Predominance of Common Questions

48.     There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated Washington's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

### Typicality & Adequacy

49.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the RugsUSA Products advertised at a discount on Defendant's website.  There are no conflicts of interest between Plaintiff and the class.

### Superiority

50.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Claims.**

<u>**Count I: Violation of the Washington Consumer Protection Act: RCW Chapter 19.86**</u>

**(By Plaintiff and the Washington Subclass)**

51.    Plaintiff incorporates each and every factual allegation set forth above.

52.    Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

53.    Defendant has violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

54.    Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

55.    Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee.  A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights."  Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

56.    Defendant engages in the conduct of trade or commerce within the meaning of the CPA.  Defendant does this by selling rugs and home accessory products in a manner that directly and indirectly affects people of the state of Washington.

57.    As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

58.    Defendant did this by advertising limited-time offers that were not actually limited in time, false regular prices, and false discounts regarding its Products.

59.    Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

60.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Product.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

61.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the RugsUSA Products.

62.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

63.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the RugsUSA Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation (c) they received products with market values lower than the promised market values.

64.    Defendant's acts or omissions are injurious to the public interest because these practices were committed in the course of Defendant's business and were committed repeatedly before and after Plaintiff purchased Defendant's Product.  They are part of a pattern of unfair and deceptive advertisements.  These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

## Count II: Breach of Contract

### (By Plaintiff and the Nationwide Class)

65.    Plaintiff incorporates each and every factual allegation set forth above.

66.    Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of herself and the Washington Subclass.

67.    Plaintiff and class members entered into contracts with RugsUSA when they placed orders to purchase Products on Defendant's website.

68.    The contracts provided that Plaintiff and class members would pay RugsUSA for the Products ordered.

CLASS ACTION COMPLAINT
Case No.

13

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

69.    The contracts further required that RugsUSA provides Plaintiff and class members with Products that have a former price, and a market value, equal to the regular prices displayed on the website.  They also required that RugsUSA provides Plaintiff and the class members with the discount advertised on the website.  These were specific and material terms of the contract.

70.    The specific discounts were a specific and material term of each contract, and were displayed to Plaintiff and class members at the time they placed their orders.

71.    Plaintiff and class members paid RugsUSA for the Products they ordered, and satisfied all other conditions of their contracts.

72.    RugsUSA breached the contracts with Plaintiff and class members by failing to provide Products that had a prevailing market value equal to the regular price displayed on its website, and by failing to provide the promised discounts.  RugsUSA did not provide the discounts that RugsUSA had promised.

73.    As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

<u>**Count III: Breach of Express Warranty**</u>

**(By Plaintiff and the Nationwide Class)**

74.    Plaintiff incorporates each and every factual allegation set forth above.

75.    Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of herself and the Washington Subclass.

76.    Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the RugsUSA Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website.  This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

77.    This warranty was part of the basis of the bargain and Plaintiff and members of the class relied on this warranty.

CLASS ACTION COMPLAINT
Case No.

14

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

78.    In fact, the RugsUSA Products' stated market value was not the prevailing market value. Thus, the warranty was breached.

79.    Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on May 5, 2023.

80.    Plaintiff and the class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased RugsUSA Products if they had known that the warranty was false, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

<u>**Count IV: Breach of Implied Warranty**</u>

**(By Plaintiff and the Washington Subclass)**

81.    Plaintiff incorporates each and every factual allegation set forth above.

82.    Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

83.    As described in greater detail above, Defendant impliedly warranted that the RugsUSA Products had a market value equal to the regular price displayed on Defendant's website.

84.    This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

85.    In fact, the RugsUSA Products did not have a market value equal to the regular price displayed.  Thus, the warranty was breached.

86.    Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on May 5, 2023.

87.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased RugsUSA Products if they had known the truth, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

CLASS ACTION COMPLAINT
Case No.

15

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## **Count V: Quasi-Contract/Unjust Enrichment**

### **(By Plaintiff and the Nationwide Class)**

88.     Plaintiff incorporates each and every factual allegation set forth above.

89.     Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this claim on behalf of herself and the Washington Subclass.

90.     As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase RugsUSA Products and to pay a price premium for these Products.

91.     In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

92.     Plaintiff and the class seek restitution.

## **Count VI: Negligent Misrepresentation**

### **(By Plaintiff and the Washington Subclass)**

93.     Plaintiff incorporates each and every factual allegation set forth above.

94.     Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

95.     As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

96.     These representations were false.

97.     When Defendant made these misrepresentations, it knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

98.     Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

99.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the RugsUSA Products.

CLASS ACTION COMPLAINT
Case No.

16

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

100.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

101.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased RugsUSA Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

<u>**Count VII: Intentional Misrepresentation**</u>

**(By Plaintiff and the Washington Subclass)**

102.    Plaintiff incorporates each and every factual allegation set forth above.

103.    Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

104.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

105.    These representations were false.

106.    When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

107.    Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

108.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the RugsUSA Products.

109.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

110.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased RugsUSA Products if they had known that the

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## VII.    Jury Demand.

111.    Plaintiff demands the right to a jury trial on all claims so triable.

## VIII.    Prayer for Relief.

112.    Plaintiff seeks the following relief for herself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: June 30, 2023                         Respectfully submitted,

Carson & Noel, PLLC

By: */s/ Wright A. Noel*

Wright A. Noel, WSBA No. 25264
20 Sixth Ave. NE
Issaquah WA 98027Tel: 425-395-7786
Fax: 425-837-5396
Email: wright@carsonnoel.com

Christin K. Cho (Cal. Bar No. 238173)*
christin@dovel.com
Simon C. Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)*
grace@dovel.com
DOVEL & LUNER, LLP

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff*

\**Pro Hac Vice* applications forthcoming

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066